

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| KYLE STRONGIN, ET AL.<br>Plaintiffs, | § § § § | |
| v. | § § | CIVIL ACTION NO. 4:22-CV-576-P |
| JOHN B. SCOTT, ET AL.<br>Defendants. | § § § § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS OF THE UNITED STATES MAGISTRATE JUDGE REGARDING PLAINTIFFS' EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER

Pending before the Court is Plaintiffs' Emergency Motion for Temporary Restraining Order ("Motion for TRO") [doc. 203], filed October 21, 2022. This case is presently before the undersigned for pretrial management pursuant to Special Order 3-251. After reviewing the motion, response, replies, pleadings and applicable law, and Court makes the following findings, conclusions, and recommendations.

This case was originally filed on July 6, 2022 by over twenty pro-se Plaintiffs against over fifty Defendants, all officials ranging from the state to the county level that allegedly have some control over various election laws or processes. In their First Amended Complaint[1] [doc. 13], filed on July 25, 2022, Plaintiffs seek, *inter alia*, "an Order that the Defendants adhere to the constitutionally protected process of collecting and counting votes that ensures integrity and transparency." (Plaintiffs' First Amended Complaint ("Pls.' Am. Compl.") at 2.) Plaintiffs seek to "require hand-marked paper ballots that can be cast with anonymity, following all Texas state

---

[1] The Court notes that Plaintiffs, on October 3, 2022, filed a First Motion for Leave to File Second Amended and Supplemental Complaints. This motion has not yet been ruled upon by the Court. Consequently, Plaintiffs First Amended Complaint is currently the live pleading before the Court.

1

election laws, and hand-counted by residents of the state of Teas, as Texas Election law allows . . ., instead of with machines." (Pls.' Am. Compl. at 2.)

In their Motion for TRO, Plaintiffs "move the Court to enter a Temporary Restraining Order barring Defendants from using computerized equipment to administer the collection, storage, counting, and tabulation of any votes in any under [sic] the Tex. Elect. Code until such time that the propriety of a permanent injunction is determined. (Pls.' Motion for TRO at 1.) In support, Plaintiffs state:

> On November 8, 2022, Plaintiffs will again cast their votes in a statewide general election to determine numerous public offices . . . .
>
> Defendants intend, once again, to utilize computerized electronic voting systems for this election. These electronic voting systems are not legally certified by the Secretary of State in accordance with TX Admin. Code § 81.61 (2019), "For any voting machine . . . to be certified for use in Texas elections, the system shall have been certified . . . by a Nationally Recognized Test Laboratory . . . ."
>
> However, the electronic voting systems are open to manipulation and are not legally certified as reported by the Declarations of Terpsehore Maras and EAC documentation.

(Pls.' Motion for TRO. at 6.) After setting forth alleged evidence in support of their claims that electronic voting systems are open to manipulation and are not legally certified, accreditation failures, established security vulnerabilities, and the federalization of Texas elections, Plaintiffs further assert:

> America was founded on the principles of the consent of the governed by virtue of the ballot box. Until recently, American voters recorded their votes by hand, on paper which was then counted by hand in accordance with US Const. Art. 6 Sec. 4. The method of voting by paper ballot and hand counting is a well established practice in Texas Elections.
>
> It is only in the last 2-3 decades that the voting box has become electronic. More oversight is required to guard a backdoor that which that only cyber security experts are able to detect. These measures intended to make the voting process easier and more accessible to voters actually create more issues than they resolve.

2

> Why utilize such a vulnerable and costly systemA [sic] tried and true manner for securing our votes is available: hand-counted, paper ballots?

(Pls.' Mot. for TRO at 17.)

Defendants, in their various responses, argue, *inter alia*, that Plaintiffs' motion should be denied for the following reasons: (1) Courts should not issue orders changing the manner of an election during an active, ongoing election; (2) Plaintiffs cannot meet the standard for obtaining a TRO as: (a) they are not likely to succeed on the merits, (b) they will not suffer an injury absent the injunction, (c) the injury to Plaintiffs does not outweigh the harm to Defendants, and (d) granting the TRO will seriously disserve the public interest; and (3) Plaintiffs unduly delayed bringing the TRO to the Court as early voting began on Monday, October 24, 2022 (*See* Defendants Responses and Briefs filed at docs. 211, 212, 213, 214, 215, 216.) Plaintiffs subsequently filed a reply to each response.

To obtain a temporary restraining order, Plaintiffs must satisfy the following four requirements that apply to an application for temporary injunctive relief: (1) A substantial likelihood that the movant will prevail on the merits; (2) a substantial threat of irreparable harm; (3) the balance of hardships weighs in the movant's favor; and (4) the issuance of the injunction will not disserve the public interest. *See Women's Med. Ctr. v. Bell*, 248 F.3d 411, 418–20 (5th Cir. 2001); *Champion Nat'l Sec., Inc. v. A&A Sec. Grp., LLC*, No. 3:21-CV-00528-M, 2021 WL 1400979, at *3 (N.D. Tex. Apr. 13, 2021). The party seeking injunctive relief must clearly carry the burden of persuasion on all four prerequisites to prevail. *See Miss. Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985). "A TRO is 'simply a highly accelerated and temporary form of preliminary injunctive relief.'" *CompuCom Sys., Inc. v. WJ Global, LLC*, No. 3:14-CV-3625-L, 2014 WL 5032747, at *2 (N.D. Tex. Oct. 8, 2014) (quoting *Hassani v. Napolitano*, No. 3:09-CV-1201-D, 2009 WL 2044596, at *1 (N.D. Tex. July 15, 2009)).

3

The Court **FINDS** and **CONCLUDES** that, for the reasons set forth by the Defendants in their responses and briefs, Plaintiffs have failed to show a sufficiently substantial likelihood that they will prevail on the merits, that irreparable harm will result if the Motion is not granted, that the threatened injury to Plaintiffs outweighs the threatened harm to Defendants, and that granting the Motion will not disserve the public interest. In particular, the Court notes that, given the fact that early voting has already started, issuing an injunction at this time would surely disrupt the electoral process and disserve the public interest. Moreover, as set forth in the multiple motions to dismiss currently pending before the Court, there are serious questions at this point regarding whether Plaintiffs even have standing to bring the suit. *See also Soudelier v. Dept. of State La.*, No. 22-2436, 2022 WL 3686422 at 1-2 (E.D. La. Aug. 25, 2022 (denying Plaintiff's motion for TRO that orders electronic voting system to be replaced with paper ballots because the statutes under which plaintiff seeks relief do not confer private rights of action and, as to Plaintiff's constitutional claims, Plaintiff failed to allege a non-conclusory, non-speculative constitutional claim or injury); *Bryan v. Abramson*, No. SX-10-CV-363, 2010 WL 7746073, at *11 (V.I. Super. Oct. 14, 2010) (denying Plaintiff's motion for TRO on Plaintiff's demand that paper ballots be used as Plaintiff had no standing to bring action and failed to show that he would be irrevocably harmed).

Accordingly, the Court **RECOMMENDS** that the district judge **DENY** Plaintiffs' Emergency Motion for Temporary Restraining Order [doc. 203].

## NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions and recommendation within fourteen (14) days after the party has been served with a copy of this document. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file, by the date stated above, a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending time to file objections to 14 days).

## ORDER

Under 28 U.S.C. § 636, it is hereby **ORDERED** that each party is granted until **November 17, 2022** to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation. It is further **ORDERED** that if objections are filed and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

It is further **ORDERED** that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED November 3, 2022.

JEFEREY L. CURETON
UNITED STATES MAGISTRATE JUDGE