IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| KYLE STRONGIN, ET AL.<br>Plaintiffs, | § § § § | |
| v. | § § | CIVIL ACTION NO. 4:22-CV-576-P |
| JOHN B. SCOTT, ET AL.<br>Defendants. | § § § § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS OF THE UNITED STATES MAGISTRATE JUDGE REGARDING PLAINTIFFS' EMERGENCY MOTION FOR EMERGENCY PRELIMINARY INJUNCTION

Pending before the Court is Plaintiffs' Emergency Motion for Preliminary Injunction to Preserve Election Records ("Motion for PI") [doc. 131], filed August 25, 2022. This motion was referred to the undersigned on January 13, 2023. After reviewing the motion, responses, reply, pleadings and applicable law, and Court makes the following findings, conclusions, and recommendations.

This case was originally filed on July 6, 2022 by over twenty pro-se Plaintiffs against over fifty Defendants, all officials ranging from the state to the county level that allegedly have some control over various election laws or processes. In their Second Amended Complaint [doc. 231], filed on November 15, 2022, Plaintiffs seek, *inter alia*, "an Order that the Defendants adhere to the constitutionally protected process of collecting and counting votes that ensures integrity and transparency." (Plaintiffs' Second Amended Complaint ("Pls.' Sec. Am. Compl.") at 8.) Plaintiffs want to "require hand-marked paper ballots that can be cast with anonymity, following all Texas state election laws, and hand-counted by residents of the state of Teas, as Texas Election law allows . . ., instead of with machines." (*Id.*)

1

In their Motion for PI, Plaintiffs seek a preliminary injunction "barring Defendants from destroying elections records for the November 3, 2020, general election." (Plaintiff's Mot. for PI ("Pls.' Mot. for PI") at 1.) In support, Plaintiff state:

> This is an action to bring transparency, fairness, honesty, and quality to elections and to hold responsible those government officials who violate the equal protection and due process rights of Plaintiffs guaranteed by the United States Constitution. The 22[-]month preservation period [under 52 U.S.C. § 20701][1] is coming to an end for the 2020 election records and two Defendant counties despite this case have confirmed that they intend to destroy these records this week. . . .
>
> . . . .
>
> Over the course of 2021 through [August 25, 2022], Plaintiffs have sent numerous Public Information Requests (PIRS) to obtain documentation and records for the 2020-2022 election cycles. Defendants, in circumstances outlined below, have denied Plaintiffs' public information requests pertaining to the election infrastructure. . . .

(Pls.' Mot. for PI at 2.)

The Comal County Defendants,[2] Hays County Defendants,[3] and Tarrant County Defendants[4] each filed "Advisories to the Court Regarding Plaintiffs' Motion for Emergency Preliminary Injunction and Document Retention" ("Advisories") to the Court [docs. 146, 147, 171, respectively] stating that they have and will comply with the requirement of document retention under the Federal Rules of Civil Procedure. (Advisories [docs. 146, 147, 171] at 2.) These Defendants further stated that these counties are retaining records related to the 2020 election, including: "(1) paper ballots including voting system created; (2) tabulation tapes; (3) cast vote

---

[1] 52 U.S.C. § 20701 "sets forth certain requirements for retention and preservation of records and papers by officers of elections." *Pirtle v. Nago*, No. 22-00381 JMS-WRP, 2022 WL 3915570, at *2 (D. Haw. Aug. 31, 2022).

[2] The Comal County Defendants are Bobbie Koepp and Cynthia Jaqua.

[3] The Hays County Defendants are Jennifer Doinoff, Ruben Becerra, Debbie Ingalsbe, Mark Jones, Lon Shell, and Walt Smith.

[4] The Tarrant County Defendants are Heider Garcia, B. Glen Whitley, Roy Charles Brooks, Devan Allen, Gary Fickes, and J.D. Johnson.

2

records; (4) mail-in ballots; (5) provisional ballots; (6) USBs from all precincts; (7) USB final counts; (8) chain of custody documents; (9) all election forms required under Texas Election Code; and (10) all records related to certification of voting devices." (Advisories [docs. 146, 147, 171].)

In addition, the Harris County Defendants filed a Response to Plaintiff's Emergency Motion for Emergency Preliminary Injunction [doc. 179] in which they, *inter alia*, stated that they were "well aware that they, like all parties in litigation, have a duty to preserve evidence that is relevant to litigation that is ongoing on anticipated." (Harris County Defendants' Response at 3.) The Harris County Defendants further stated that they had "already notified Plaintiffs by email that the election records from November 2020 election will not be destroyed upon the conclusion of the 22-month retention period.") (*Id.*)

To obtain a preliminary injunction order, Plaintiffs must satisfy the following four requirements: (1) a substantial likelihood that the movant will prevail on the merits; (2) a substantial threat of irreparable harm; (3) the balance of hardships weighs in the movant's favor; and (4) the issuance of the injunction will not disserve the public interest. *See Women's Med. Ctr. v. Bell*, 248 F.3d 411, 418–20 (5th Cir. 2001); *Champion Nat'l Sec., Inc. v. A&A Sec. Grp., LLC*, No. 3:21-CV-00528-M, 2021 WL 1400979, at *3 (N.D. Tex. Apr. 13, 2021). The party seeking injunctive relief must clearly carry the burden of persuasion on all four prerequisites to prevail. *See Miss. Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985).

After reviewing all the relevant evidence, the Court **FINDS** and **CONCLUDES** that Plaintiffs' motion should be **DENIED** for at least two reasons. To begin with, Plaintiffs request that the Court grant the preliminary injunction and order the preservation of the records pursuant to 52 U.S.C. § 20701.[5] (Pls.' Mot. for PI at 2.) However, federal courts have consistently held

---

[5] 52 U.S.C. § 20701 states:

3

that this statute does not create a private right of action. *See Smith v. DeBoyer*, No. 2:22-cv-11572, 2022 WL 16641857, at *3 (E.D. Mich. Oct. 12, 2022) (collecting cases), *rec. adopted*, 2022 WL 16636928 (E.D. Mich. Nov. 2, 2022); *Fox v. Lee*, No. 18-259, 2019 WL 13141701, at *1 (N.D. Fla. Apr. 2, 2019) ("In a word, 52 U.S.C. § 20701 does not confer a private right of action on Plaintiffs.")

In addition, Plaintiffs, at the very least, have failed to show a sufficiently substantial likelihood that they will prevail on the merits. As set forth in Defendants' Motion to Dismiss Second Amended Complaint [doc. 239] that is currently pending before the Court, there are serious questions at this point regarding whether Plaintiffs even have standing to bring the suit. *See also Vent v. Fletcher*, No. 3:22-cv-01651-RBM-DDL, 2022 WL 16557622, at *2 (S.D. Calif. Oct. 28, 2022) (denying Plaintiff's motion for TRO prohibiting Defendants from destroying the November 2020 election data as scheduled 22 months after the election because, *inter alia*, Plaintiff did not demonstrate a likelihood of success on the merits); *Pirtle v. Nago*, No. 22-00381 JMS-WRP, 2022 WL 3915570, at *3-4 (denying Plaintiff's motion for an emergency TRO to preserve election data pursuant to 52 U.S.C. § 20701 because Plaintiff, *inter alia*, failed to demonstrate a likelihood of success on the merits due to a lack of standing as well as no basis of a justiciable claim); *Soudelier v. Dept. of State La.*, No. 22-2436, 2022 WL 3686422 at *1-2 (E.D. La. Aug. 25, 2022 (denying

---

Every officer of election shall retain and preserve, for a period of twenty-two months from the date of any general, special, or primary election of which candidates for the office of President, Vice President, presidential elector, Member of the Senate, Member of the House of Representatives, or Resident Commissioner from the Commonwealth of Puerto Rico are voted for, all records and papers which come into his possession relating to any application, registration, payment of poll tax, or other act requisite to voting in such election, except that, when required by law, such records and papers may be delivered to another officer of election and except that, if a State or the Commonwealth of Puerto Rico designates a custodian to retain and preserve these records and papers at a specified place, then such records and papers may be deposited with such custodian, and the duty to retain and preserve any record or paper so deposited shall devolve upon such custodian. Any officer of election or custodian who willfully fails to comply with this section shall be fined not more than $1,000 or imprisoned not more than one year, or both.

52 U.S.C. § 20701.

Plaintiff's motion for TRO that orders "'that none of the voting machines in the state be used for another election,' that 'the electronic voting system be replaced with paper ballots,' and 'that none of the data and information of the voting systems and equipment from the 2020 general elections be tampered with, nor deleted'" because the statutes under which plaintiff seeks relief do not confer private rights of action and, as to Plaintiff's constitutional claims, Plaintiff failed to allege a non-conclusory, non-speculative constitutional claim or injury); *see also Bryan v. Abramson*, No. SX-10-CV-363, 2010 WL 7746073, at *11 (V.I. Super. Oct. 14, 2010) (denying Plaintiff's motion for TRO on Plaintiff's demand that paper ballots be used as Plaintiff had no standing to bring action and failed to show that he would be irrevocably harmed).

Based on the foregoing, the Court **RECOMMENDS** that the district judge **DENY** Plaintiffs' Emergency Motion for Preliminary Injunction [doc. 131].

### NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions and recommendation within fourteen (14) days after the party has been served with a copy of this document. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file, by the date stated above, a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d

5

1415, 1428–29 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending time to file objections to 14 days).

### ORDER

Under 28 U.S.C. § 636, it is hereby **ORDERED** that each party is granted until **March 14, 2023** to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation. It is further **ORDERED** that if objections are filed and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

It is further **ORDERED** that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED March 1, 2023.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE