UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**LINDSEY GREMONT ET AL.**,

  Plaintiffs,

v.                              No. 4:22-cv-00576-P

**JOHN B. SCOTT, ET AL.**,

  Defendants.

### ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

On March 1, 2023, the United States Magistrate Judge issued Findings, Conclusions, and a Recommendation ("FCR") in this case. ECF No. 249. The FCR recommended the Court deny Pro Se Plaintiffs' Emergency Motion for Preliminary Injunction to Preserve Election Records. *Id.* at 1. Plaintiffs filed Responses and Objections to the FCR on March 13, 2023 and amended them the following day. ECF Nos. 250, 251. The Court accordingly conducted a *de novo* review of the FCR.

As detailed below, the Court will **AFFIRM** the Magistrate's ruling, **ADOPT** the reasoning in the Magistrate Judge's FCR (ECF No. 249), and **OVERRULE** Plaintiff's Objection (ECF No. 251).

### BACKGROUND

Pro Se Plaintiffs, a collection of concerned citizens, filed a complaint against every election official in the State of Texas on July 6th, 2022. ECF No. 1. In Plaintiffs' Amended Complaint, filed November 15th, 2022, Plaintiffs sought, in part, "an Order that the Defendants adhere to the constitutionally protected process of collecting and counting votes that ensures integrity and transparency." ECF No. 231 at 8. Plaintiffs filed the instant Motion for Preliminary Injunction to preserve documents in the election officials' possession that they had failed to secure through

public information requests. ECF No. 131 at 3. This case was referred to the Magistrate Judge on January 13, 2023, ECF No. 245, who issued the instant FCR for review by this Court on March 1, 2023. ECF No.249.

## ANALYSIS

To obtain a Preliminary Injunction, the moving party must establish (1) a substantial likelihood of success on the merits of their claim, (2) a substantial threat of irreparable harm, (3) that the balance of hardships weigh in the moving party's favor, and (4) that issuing a preliminary injunction is in the public interest. *See Women's Med. Ctr. v. Bell*, 248 F.3d 411, 418-20 (5th Cir. 2001); *Champion Nat'l Sec., Inc. v. A&A Sec. Grp., LLC*, No. 3:21-CV-00528-M, 2021 WL 1400979, at *3 (N.D. Tex. Apr. 13, 2021). The party seeking relief must clearly carry the burden of persuasion on all four elements to succeed. *See Miss. Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985).

The Magistrate concluded that Plaintiffs' Motion ought to be denied because (1) the statute under which Plaintiffs seek an injunction to preserve records, 52 U.S.C. § 20701, in fact does not confer a private right of action, and (2) because Plaintiffs failed to clearly establish a substantial likelihood of success on the merits of their claim. ECF No. 249 at 3-4. Among other reasons, the Magistrate concluded that Plaintiffs failed to satisfy that element because they could not clearly demonstrate they had standing to bring their suit. *Id.*, at 4.

Plaintiffs objected to the Magistrate's conclusions and provided further response regarding every element required to obtain a Preliminary Injunction. ECF 250. Because failure to satisfy one necessary element in seeking injunctive relief is sufficient to deny the injunction all together, this Court will only address the issues raised in the Magistrate's FCR: Plaintiffs' likelihood of success on the merits.

This Court agrees that Plaintiffs fail to establish a likelihood of success on the merits—much less a substantial one—when they cannot clearly demonstrate they have standing to bring suit. *See Smith v. DeBoyer*, 2022 WL 16641857 (E.D. Mich. Oct. 12, 2022); *Fox v. Lee*, 2019 WL 13141701, at *2 (N.D. Fla. Apr. 2, 2019) ("Section 20701 contains no rights-creating language . . . [and] lacks an enforcement mechanism for

an individual."). Assuming for the sake of argument that Plaintiffs *did* have standing under this statute, Plaintiffs still fail to show a *substantial* likelihood that they would succeed on their claim. Plaintiffs respond that their claims' "merits have been met" merely because they have shown "factual allegations demonstrating repeated violations" of law, "clear demonstrations of Defendants' failures to follow the laws they were elected to uphold," and the like. ECF No. 250, at 11. Beyond those blanket allegations, Plaintiffs do not allege any supporting facts that would allow this Court to conclude that their claim has any likelihood of succeeding were it to proceed.

## CONCLUSION

Having conducted a *de novo* review of the Magistrate Judge's FCR, and Plaintiff's Objections and Responses, the Court **ADOPTS** the reasoning in the Magistrate Judge's FCR and **OVERRULES** Plaintiff's Objections.

**SO ORDERED** on this **17th day** of **March 2023.**

MARK T. PITTMAN
UNITED STATES DISTRICT JUDGE

3