IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| KYLE STRONGIN, ET AL.<br>Plaintiffs, | §<br>§<br>§<br>§ | |
| v. | §<br>§ | CIVIL ACTION NO. 4:22-CV-576-P |
| JOHN B. SCOTT, ET AL.<br>Defendants. | §<br>§<br>§ | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE REGARDING PLAINTIFFS' SECOND MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

Pending before the Court is Plaintiffs' Second Motion for a Temporary Restraining Order and Preliminary Injunction ("Motion for TRO") [doc. 256], filed April 21, 2023. This motion was referred to the undersigned on April 24, 2023. After reviewing the motion and responses, the Court makes the following findings, conclusions, and recommendation.

This case was originally filed on July 6, 2022 by over twenty pro-se Plaintiffs against over fifty Defendants, all officials ranging from the state to the county level that allegedly have some control over various election laws or processes. In their Second Amended Complaint [doc. 231], filed on November 15, 2022, Plaintiffs seek, *inter alia*, "an Order that the Defendants adhere to the constitutionally protected process of collecting and counting votes that ensures integrity and transparency." (Plaintiffs' Second Amended Complaint ("Pls.' Sec. Am. Compl.") at 8.) Plaintiffs seek to "require hand-marked paper ballots that can be cast with anonymity, following all Texas state election laws, and hand-counted by residents of the state of Texas, as Texas Election law allows . . ., instead of with machines." (Pls.' Sec. Am. Compl. at 8.)

In their Motion for TRO, Plaintiffs "move the Court to enter a temporary restraining order and preliminary injunction barring Defendants from using electronic voting systems (EVS) to

1

administer the collection, storage, counting, and tabulation of any votes during elections to occur on May 6, 2023 upon hearing before this Court." (Pls.' Motion for TRO at 6.) In support, Plaintiffs state:

> The Court has denied a previous preliminary injunction; however, new information is available showing that EVS certification still does not comply with state and federal laws putting voters personally identifiable information (PII) at risk.
>
> Plaintiffs again request that the court bring transparency, fairness, honesty, and quality to elections and hold responsible those government officials who have been made award of numerous issues relating to the certification and security of electronic voting systems (EVS) utilized in the state of Texas and Defendant counties and have still chosen to knowingly and willingly violate the equal protection and due process rights of Plaintiffs guaranteed by the United States Constitution. . . .
>
> . . . .
>
> Defendants, knowing there are numerous issues with EVS(s) and devices, which do not adhere to legislatively prescribed standards, have chosen to continue the use of the same EVS without remedy to the many violations outlined in previous filings (ECF 196), and thereby continue to inflict harm on Plaintiffs. The security concerns associated with EVS have allowed for the release of PII to unverified privately-owned third-party partners and vendors. Further, previous filings (ECF 192-2 pg. 16-200 have shown that Memorandums of Understanding (MOUs) exist between Defendant counties and the (DHS) causing elections in the state of Texas to be federalized. All Defendants have provided CIS, DHS, federal and privately-owned third-party partners and vendors access to computerized voter file fields, including full names of all registrants, addresses, dates of birth, voting history from at least 2017 onward, active/inactive status and whether a voter's registration has been cancelled, voting record (absentee, provisional, early, in-person), the party primaries for state and federal elections that the voter participated in, and the registration effective date. . . . .

(Pls.' Motion for TRO. at 6-8 (internal citations and footnotes omitted).) After setting forth alleged evidence in support of their claims and raising allegations regarding alleged accreditation failures, continued election vulnerabilities, release of personally identifiable information, and official misconduct, Plaintiffs further assert:

2

> America was founded on the principles of the consent of the governed by virtue of the ballot box. Until recently, American voters recorded their votes by hand, on paper which was then counted by hand in accordance with US Const. Art. 6 Sec. 4. The method of voting by paper ballot and hand counting is a well established practice in Texas Elections.
>
> It is only in the last 2-3 decades that the voting box has become electronic. More oversight is required to guard a backdoor that which only cyber security experts are able to detect. These measures intended to make the voting process easier and more accessible to voters actually create more issues than they resolve. Why utilize such a vulnerable and costly system? A tried and true manner for securing our votes is available: hand-counted, paper ballots. Plaintiffs['] relief is simple—accuracy over convenience.

(Pls.' Mot. for TRO at 22-23; *see* Pls.' Mot. for TRO at 11-23.)

Defendants, in their responses, argue, *inter alia*, that Plaintiffs' motion should be denied for the following reasons: (1) Courts should not issue orders changing the manner of an election during an active, ongoing election and Plaintiffs fail to overcome the Defendants' extraordinarily strong interest in avoiding late, judicially imposed changes to its elections law and procedures; and (2) the Court should deny the Plaintiffs' pending motion for the same reasons it denied the Plaintiffs' original motion for TRO. (*See* Defendants' Responses and Briefs filed at docs. 259, 262, 263.)

To obtain a temporary restraining order or a preliminary injunction, Plaintiffs must satisfy the following four requirements that apply to an application for temporary injunctive relief: (1) A substantial likelihood that the movant will prevail on the merits; (2) a substantial threat of irreparable harm; (3) the balance of hardships weighs in the movant's favor; and (4) the issuance of the injunction will not disserve the public interest. *See Women's Med. Ctr. v. Bell*, 248 F.3d 411, 418–20 (5th Cir. 2001); *Champion Nat'l Sec., Inc. v. A&A Sec. Grp., LLC*, No. 3:21-CV-00528-M, 2021 WL 1400979, at *3 (N.D. Tex. Apr. 13, 2021). The party seeking injunctive relief must clearly carry the burden of persuasion on all four prerequisites to prevail. *See Miss. Power*

3

*& Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985). "A TRO is 'simply a highly accelerated and temporary form of preliminary injunctive relief.'" *CompuCom Sys., Inc. v. WJ Global, LLC*, No. 3:14-CV-3625-L, 2014 WL 5032747, at *2 (N.D. Tex. Oct. 8, 2014) (quoting *Hassani v. Napolitano*, No. 3:09-CV-1201-D, 2009 WL 2044596, at *1 (N.D. Tex. July 15, 2009)).

Based on the forgoing, the Court **FINDS** and **CONCLUDES** that, based on the reasons set forth in Defendants' responses (and brief), Plaintiff's motion should be denied. The Court further notes that, at the very least, Plaintiffs have failed to show a sufficiently substantial likelihood that they will prevail on the merits and that granting the motion will not disserve the public interest. In particular, the Court notes that, given the fact that early voting has already started, issuing an injunction at this time would surely disrupt the electoral process and disserve the public interest. Moreover, as set forth in the pending motion to dismiss currently pending before the Court, there are serious questions at this point regarding whether Plaintiffs even have standing to bring the suit. *See also Soudelier v. Dept. of State La.*, No. 22-2436, 2022 WL 3686422 at 1-2 (E.D. La. Aug. 25, 2022 (denying Plaintiff's motion for TRO that orders electronic voting system to be replaced with paper ballots because the statutes under which plaintiff seeks relief do not confer private rights of action and, as to Plaintiff's constitutional claims, Plaintiff failed to allege a non-conclusory, non-speculative constitutional claim or injury); *Bryan v. Abramson*, No. SX-10-CV-363, 2010 WL 7746073, at *11 (V.I. Super. Oct. 14, 2010) (denying Plaintiff's motion for TRO on Plaintiff's demand that paper ballots be used as Plaintiff had no standing to bring action and failed to show that he would be irrevocably harmed).

Accordingly, the Court **RECOMMENDS** that the district judge **DENY** Plaintiffs' Second Motion for a Temporary Restraining Order and Preliminary Injunction ("Motion for TRO") [doc. 256].

## NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions and recommendation within fourteen (14) days after the party has been served with a copy of this document. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file, by the date stated above, a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending time to file objections to 14 days).

## ORDER

Under 28 U.S.C. § 636, it is hereby **ORDERED** that each party is granted until **May 15, 2023** to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation. It is further **ORDERED** that if objections are filed and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

SIGNED May 1, 2023.

_____
JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE