UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**KYLE STRONGIN, ET AL.,**

  Plaintiffs,

v.                                                       No. 4:22-cv-0576-P

**JOHN B. SCOTT, ET AL.,**

  Defendants.

## ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

United States Magistrate Judge Jeffrey L. Cureton issued Findings, Conclusions, and a Recommendation ("FCR") regarding the adequacy of Plaintiffs' requests for a preliminary injunction and temporary restraining order. ECF No. 265. The FCR recommends that the Court deny the Motion for Preliminary Injunction and request for a temporary restraining order. *Id.* at 4. Plaintiffs then filed an Objection to the FCR. ECF No. 267.

For the reasons stated below, the Court **OVERRULES** Plaintiffs' Objection (ECF No. 266), **ADOPTS** the reasoning in the Magistrate Judge's FCR (ECF No. 265), and **DENIES** the Motion for Preliminary Injunction. ECF No. 256.

## BACKGROUND

Pro-se Plaintiffs, a collection of concerned citizens, filed a complaint against every election official in the state of Texas. ECF No. 1. In Plaintiffs' Amended Complaint, Plaintiffs sought, in part, "an Order that the Defendants adhere to the constitutionally protected process of collecting and counting votes that ensures integrity and transparency." ECF No. 231 at 8.

Plaintiffs filed the Motion for Preliminary Injunction to prevent the use of electronic voting systems in ongoing or future Texas elections.

ECF No. 256 at 30. The matter was referred to the Magistrate Judge, ECF No. 258, who issued the FCR for review by this Court.

## LEGAL STANDARD

Normally, a magistrate judge's FCR regarding a dispositive matter is reviewed *de novo* if a party timely objects. FED. R. CIV. P. 72(b)(3). The district court may then accept, reject, or modify the recommendations or findings, in whole or in part. *Id.* But a party objecting to the FCR must "file *specific* written objections to the proposed findings and recommendations." FED. R. CIV. P. 72(b)(2) (emphasis added). Meaning, an objection must be "sufficiently specific to put the district court on notice of the urged error." *Williams v. K&B Equip. Co.*, 724 F.2d 508, 511 (5th Cir. 1984). But, where an objection to the FCR is only on a general basis, the Court conducts a review for plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996)[1].

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. *United States v. Mathis*, 458 F. Supp. 3d 559, 564 (E.D. Tex. 2020), *report and recommendation adopted*, 458 F. Supp. 3d 559 (E.D. Tex. 2020). If a party objecting to the FCR fails to assert specific objections, then the district court need not consider frivolous, conclusory, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.3d 419, 421 (5th Cir. 1987).

## ANALYSIS

Plaintiffs object to the Magistrate Judge's FCR for the following reasons: (1) the Court's "refusal to hear the actual controversy before it"; (2) Plaintiffs disagree with the Court's position on the resolution of jurisdictional questions; (3) the purported "negation" of Plaintiffs'

---

[1] The rule created in *Douglass* does not ordinarily apply to pro-se litigants, except where the magistrate judge's recommendation explicitly states that a failure to specifically object will forfeit *de novo* review. *Douglass*, 79 F.3d at 1429. In this case, Judge Cureton's FCR includes such a notice, which states that "specific written objections" to a "proposed factual finding or legal conclusion" must be filed. ECF No. 265 at 5.

standing; and (4) the Magistrate's "perpetuation of due process violations through the prevention of progression of this real controversy." ECF No. 266 at 1, 3, 5.

Even affording Plaintiffs' motion the requisite leniency that the Fifth Circuit has mandated in cases involving pro-se litigants, the Court cannot discern a particular determination made by the Magistrate Judge in his FCR that Plaintiffs are objecting to. *See* ECF No. 266; *see also Chhim v. Univ. of Tex. At Austin*, 836 F.3d 467, 469 (5th Cir. 2016). Plaintiffs fail to discuss with specificity the requirements of a preliminary injunction or the Magistrate Judge's particular findings relating to that. For this reason, Plaintiffs' objections are generalized and **OVERRULED** as there is no discernable error in the FCR.

That said, even if Plaintiffs' Objection contained the requisite specificity, it would still be overruled under a *de novo* review.

To obtain a preliminary injunction, the moving party must establish (1) a substantial likelihood of success on the merits of his claim, (2) a substantial threat of irreparable harm, (3) that the balance of hardships weighs in the moving party's favor, and (4) that issuing a preliminary injunction is in the public's interest. *See Women's Med. Ctr. v. Bell*, 248 F.3d 411, 418–20 (5th Cir. 2001); *Champion Nat'l Sec., Inc. v. A&A Sec. Grp., LLC*, No. 3:21-CV-00528-M, 2021 WL 1400979, at *3 (N.D. Tex. Apr. 13, 2021) (Lynn, J.) The party seeking relief must carry the burden of persuasion on all four elements to succeed. *See Miss. Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985).

The Magistrate Judge determined that (1) Plaintiffs failed to carry their burden to prove a substantial likelihood of success on the merits, and (2) that granting the motion would disserve the public's interest. ECF No. 265 at 4. The Court addresses each finding in turn.

### A. Likelihood of Success on the Merits

*First*, even if Plaintiffs' objections were construed as properly specific as to the Magistrate Judge's conclusion that Plaintiffs have not shown that they are likely to succeed on the merits, their arguments are unpersuasive. A plaintiff must establish a showing of a substantial likelihood that he will succeed on the merits. *TitleMax of Tex., Inc. v.*

3

*City of Dall.*, No. 3:21-CV-1040-S-BN, 2021 WL 4994448 (N.D. Tex. Aug. 11, 2021), *report and recommendation adopted*, No. 3:21-CV-1040-S-BN, 2021 WL 4991989 (N.D. Tex. Oct. 27, 2021) (Scholer, J.) (citing *Fla. Med. Ass'n, Inc. v. U.S. Dep't of Health, Ed. & Welfare*, 601 F.2d 199, 203 n.3 (5th Cir. 1979)).

In determining that Plaintiffs do not prove a likelihood that they will prevail on the merits, the FCR notes that there are serious questions about Plaintiffs' standing. ECF No. 265 at 4. Unresolved and well-founded questions of standing go against Plaintiffs' ability to reach, much less prevail upon, the merits. Plaintiffs object to the standing issue with blanket allegations but provide no supporting facts or law that allow this Court to conclude that their claim has any likelihood of succeeding. This does not establish any likelihood of success on the merits. And this want for proof is sufficient to foreclose this Court's granting of a preliminary injunction. *Tex. Med. Providers Performing Abortion Servs. v. Lakey*, 667 F.3d 570, 574 (5th Cir. 2012) (quoting *Lake Charles Diesel, Inc. v. Gen. Motors Corp.*, 328 F.3d 192, 203 (5th Cir.2003)). Plaintiffs' potential objection on this finding is therefore, **OVERRULED**.

### B. Public Interest

*Second*, regarding the public's interest in the proposed injunction, the FCR found that the injunction would carry too high a burden on counties to make such a change—particularly as the injunction would have been imposed just days before the May 6 election. ECF No. 265 at 4. Though this time-constraint issue is now likely moot, the Court still believes that the burden of requiring all counties to make changes to their election procedures is too onerous to require at this time.

Plaintiffs' only cognizable contention to the contrary is an unsupported allegation that polling places are equipped with paper ballots. ECF No. 256 at 30. This misrepresents the text of the cited portion of the Texas Election Code, which includes paper ballots as one of three contingencies, not a required fail-safe. *See* TEX. ELEC. CODE § 25.006(c).

Further, the staffing requirements and labor hours needed to meet

4

such a demand would be heavily taxing on localities. ECF No. 214-1 at 4. The Court is simply not persuaded that this suit, resting on such dubious grounds, provides enough justification to impel counties to make such an investment at this time. Thus, Plaintiffs' potential objection on this finding is also **OVERRULED**.

## CONCLUSION

Having considered the Magistrate Judge's FCR, Plaintiffs' Objection, and the applicable law, the Court **OVERRULES** Plaintiffs' Objection, **ADOPTS** the reasoning in the Magistrate Judge's FCR, and **DENIES** the Motion for Preliminary Injunction. ECF No. 256.

**SO ORDERED** on this **2nd day** of **June 2023.**

*[signature]*

**MARK T. PITTMAN**
UNITED STATES DISTRICT JUDGE