FILED
June 12, 2023
KAREN MITCHELL
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| KYLE STRONGIN, ET AL.<br>Plaintiffs, | § § § § | |
| v. | § § | CIVIL ACTION NO. 4:22-CV-576-P |
| JOHN B. SCOTT, ET AL.<br>Defendants. | § § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE REGARDING DEFENDANTS' JOINT MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)**

Pending before the Court is Defendants' Joint Motion to Dismiss Pursuant to Federal Rule of Civil Procedure ("Rule") 12(b) ("Motion to Dismiss") [doc. 239], filed December 22, 2022. Having carefully reviewed the motion, response, reply, other relevant filings, and the applicable law, the Court makes the following findings, conclusions, and recommendation.

## I.   RELEVANT BACKGROUND

This case was originally filed on July 6, 2022 by over twenty pro-se Plaintiffs against over sixty Defendants, all officials ranging from the state to the county level that allegedly have some control over various election laws or processes. In their Second Amended Complaint [doc. 231], filed on November 15, 2022 and over 160 pages long, Plaintiffs seek, *inter alia*, "an Order that the Defendants adhere to the constitutionally protected process of collecting and counting votes that ensures integrity and transparency." (Plaintiffs' Second Amended Complaint ("Pls.' Sec. Am. Compl.") at 8.) Plaintiff allege that the potential vulnerability of electronic voting machines creates a risk that votes may be improperly counted, diluting the vote. (Pls.' Sec. Am. Compl. at 8.) Plaintiffs seek to "require hand-marked paper ballots that can be cast with anonymity, following all Texas state election laws, and hand-counted by residents of the state of Texas, as

Texas Election law allows . . ., instead of with machines." (Pls.' Sec. Am. Compl. at 8.) Plaintiffs seek relief against Defendants for, *inter ali*, the following: (1) violation of procedural due process; (2) violation of substantive due process; (3) deprivation of civil rights; (4) deprivation of constitutional rights; (5) voting rights violations; and (6) declaratory judgment. (Pls.' Sec. Am. Compl. at 153-58.)

In their Motion to Dismiss, Defendants argue that the case should be dismissed for, *inter alia*, the following reasons: (1) the Court lacks subject matter jurisdiction over Plaintiffs' claims because Plaintiffs lack an injury-in-fact and the alleged harm is not redressable; (2) Plaintiffs' claims against the Secretary of State ("SOS") Defendants in their individual capacities are not redressable because declaratory and injunctive relief is unavailable from a state official in their individual capacity; (3) Defendants' decision to use electronic voting systems is a non-justiciable political question; (4) Plaintiffs' due process and equal protection claims fail because Defendants' use of electronic voting systems is a reasonable nondiscriminatory restriction of Plaintiffs' voting rights; (5) all of Plaintiffs' federal statutory-based claims fail because, *inter alia*, there is no private cause or right of action and no cognizable claim is pled; (6) Plaintiffs' state law claims alleging violations of criminal statutes fail as the criminal statutes do not provide a private cause of action; (7) the Texas Constitution's due course of law and open courts provisions do not provide relief for Plaintiffs; and (8) Plaintiffs' claim for declaratory relief should be dismissed because Plaintiffs have not established the existence of an underlying judicially remediable right. (Defendants' Brief in Support of Motion to Dismiss ("Defs.' Br.") at 15-54.)

## II.   LEGAL STANDARD AND ANALYSIS

Federal courts are courts of limited jurisdiction, and, without jurisdiction conferred by the United States Constitution or statute, they lack the power to adjudicate claims. *Kokkonen v.*

*Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted).  The "burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).  A court must dismiss an action if it determines that it lacks jurisdiction over the subject matter.  *See* Fed. R. Civ. P. 12(h)(3).  The district court may dismiss a case for lack of subject matter jurisdiction based on: (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplement by undisputed facts plus the court's resolution of disputed facts.  *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981).

In their motion to dismiss, Defendants first argues that the Court lacks subject matter jurisdiction over Plaintiffs' claims because Plaintiffs lack standing to bring the case. (Defs.' Br. at 15-27.)  Defendants claim that Plaintiffs do not have standing to bring this suit because they have raised only "speculative generalized grievances that—were they legitimate—would be shared by the public at large." (Defs.' Br. at 17.)  Defendants assert that Plaintiffs do not have an injury-in-fact because they do not have an actual or imminent concrete injury nor a particularized injury and any alleged injury will not be redressed by a favorable decision.  (Defs.' Br. at 17-26.) Defendants, *inter alia*, state:

> 10. Plaintiffs complain generally of speculative voting system vulnerabilities on a national scale. Plaintiffs do not sufficiently allege a concrete injury. Plaintiffs do not allege sufficient facts to establish that Defendants' voting machines have or will be infiltrated. Plaintiffs rely on conclusory allegations made by others *via* affidavits, and essentially conclude that because these other people conclude that some voting machines in the United States are vulnerable to attacks by foreign state actors (*e.g.*, China, Iran, and Russia), all voting machines are vulnerable to attack. The highly conjectural and hypothetical nature of Plaintiffs' alleged injury-in-facts is apparent throughout the Complaint[.] . . .
>
> 11. Neither Plaintiffs' vague conclusions about the alleged general vulnerability of voting machines, nor their assertions about Defendants' electronic voting systems establish, or even plausibly suggest, that Plaintiffs suffered or will

3

> suffer a concrete injury due to Defendants' actions of using electronic voting systems.
>
> . . . .
>
> 13.   As voters, Plaintiffs claim an interest 'in protecting the quality, accuracy, and effectiveness of [their] individual votes to ensure our representative servants are lawfully elected by the consent of the governed for the protection against tyranny and for healthy maintenance of our Republican form of government afforded to us by our ancestors and for the benefit of our successors."
>
> 14.   A complaint of an injury that is common to all members of the public does not allege a particularized injury. . . .
>
> . . . .
>
> 16.   Here, Plaintiffs' complaints are no more than a generalized grievance about the government; claiming only harm to their interest in the proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits them than it does the public at large. . . .
>
> 17.   Plaintiffs do not at any point allege harm specifically suffered by any of the Plaintiffs; none of them have alleged a deprivation of their right to vote in any election in the Counties represented by the Defendants.  Because virtually any other voter in the State of Texas could raise similar election integrity concerns, Plaintiffs' purported injury of the nullification of the right to vote does not state a concrete and particularized injury.
>
> . . . .
>
> 29.   In this case, Plaintiffs have not alleged and cannot show that machine counting is less accurate than paper ballot counting.  Several courts have confronted the reality that there is not a perfect voting system. . . .

(Defs.' Br. at 18-26 (internal citations and emphasis omitted).)

"Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.'" *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 395 (1980). "One element of the case-or-controversy requirement is that [plaintiffs], based on their complaint, must establish that they have standing to sue." *Raines v. Byrd*, 521 U.S. 811, 818 (1997). "The standing inquiry focuses on whether the plaintiff is the proper party to bring [the]

suit." *Id*. Standing has both constitutional and prudential components. *Cibolo Waste, Inc. v. City of San Antonio*, 718 F.3d 469, 473 (5th Cir. 2013). To establish standing, a plaintiff must plead (1) an injury in fact, (2) that is fairly traceable to Defendant's conduct, and (3) that a favorable federal court decision is likely to redress. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).

The plaintiff, as the party invoking federal jurisdiction, "bears the burden of establishing these elements." *Lujan*, 504 U.S. at 561. "At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice" to establish standing because "we 'presum[e] that general allegations embrace those specific facts that are necessary to support the claim.'" *Id.* (quoting *Lujan v. Nat'l Wildlife Fed.*, 497 U.S. 871, 889 (1990). "[I]f the plaintiff does not carry his burden 'clearly to allege facts demonstrating that he is a proper party to invoke judicial resolution of the dispute,' then dismissal for lack of standing is appropriate." *Hotze v. Burwell*, 784 F.3d 984, 993 (5th Cir. 2015) (quoting *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990)). A Plaintiff must show the following to establish standing: (1) an injury-in-fact that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical;[1] (2) that the injury is "fairly traceable" to the challenged action of Defendant; and (3) that "it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Envtl Servs (TOC)., Inc.*, 528 U.S. 167, 180-81 (2000).

In their motion to dismiss, Defendants argue, *inter alia*, that the Court lacks subject-matter jurisdiction to hear the case because Plaintiffs have not established standing to sue as they have

---

[1] "To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 (2016) (quoting *Defenders of Wildlife*, 504 U.S. at 560). A "particularized" injury "affect[s] the plaintiff in a personal and individual way." *Spokeo*, 578 U.S. at 339. "A 'concrete' injury must be '*de facto*'; that is, it must actually exist." *Id*. at 340.

5

raised only speculative generalized grievances about elections in multiple counties that affect the public at large as opposed to particularized injuries. After reviewing Plaintiffs' amended complaint, the Court finds and concludes that Plaintiffs do not have standing to pursue their claims and the Court, thus, lacks subject matter jurisdiction to hear the case for the reasons set forth by Defendants. Specifically, the Court notes that Plaintiffs complain generally of speculative voting system vulnerabilities on a national scale and do not allege sufficient, non-conclusory allegations to establish that Defendants' voting machines have or will be infiltrated. Moreover, Plaintiffs generalized grievances—were they legitimate—would be shared by the public at large.

In addition, the Court notes that U.S. Magistrate Judge Irma Ramirez recently issued a Findings, Conclusions, and Recommendation in *Raskin v. Jenkins*, No. 3:22-CV-2012-E-BH, 2022 WL 19355739 (N.D. Tex. Nov. 2, 2022), recommending that a motion to dismiss be granted in a similar case because Plaintiff did not have standing to sue, and, thus, the Court lacked subject matter jurisdiction to hear the case.[2] In *Raskin*, Plaintiff, a voter registered in Dallas County, Texas, originally sued several Defendants in state court, alleging, as in this case, that they knowingly administered elections with voting system equipment that was not properly certified, unreliable, and vulnerable to the hacking and unauthorized access in violation of state and federal election laws. The case was then removed by Defendants to federal court, where Judge Ramirez recommended it be dismissed. The Court notes that the majority of Plaintiff's Second Amended

---

[2] Judge Ada Brown adopted Judge Ramirez's Findings, Conclusions, and Recommendation on April 4, 2023. *See Raskin v. Jenkins*, No. 3:22-CV-2012-E-BH, 2023 WL 2777417 (N.D. Tex. Apr. 4, 2023). Because the motion to dismiss in *Raskin* addressed Plaintiffs' original state-filed petition, Judge Ramirez gave the *pro se* Plaintiffs time to file an Amended Complaint, which Plaintiffs did on November 11, 2022. In this case, however, Plaintiff filed an Amended Complaint on July 25, 2022 and their Second Amended Complaint (the currently live pleading before the Court) on November 15, 2022. Consequently, the Court will not give the *pro- se* Plaintiffs another opportunity to file another amended complaint and finds that any such amendment would be futile as Plaintiffs have had full opportunity to plead their "best case." *See Young v. City of College Station*, No. H-21-2033, 2022 WL 2292880, at *2-4 (S.D. Tex. June 23, 2022) (finding that, because Plaintiff had been provided several opportunities to plead factual allegations supporting his claims, "Plaintiff has pleaded his best case and that any additional leave to amend would be futile").

Complaint in this case is virtually identical to Plaintiff's 55-page state-court filed petition in the *Raskin* case, which also included a 490-page appendix.[3] The only real differences between the complaint in this case and the state-court petition in *Raskin* are the addition of some alleged inconsequential factual allegations in this case and the specific factual allegations against the counties listed as Defendants in each of the cases. Thus, the Court also adopts Judge Ramirez's analysis in *Raskin*, *supra,* in recommending that Defendants' Motion to Dismiss be granted because Plaintiffs lack standing, and, thus, the Court lacks subject matter jurisdiction over the case. *See also White v. Garcia*, No. 4:22-cv-000746-O-BP, 2022 WL 17968764, at *3-4 (N.D. Tex. Nov. 28, 2022, *report and recommendation adopted*, 2022 WL 17968757 (N.D. Tex. Dec. 27, 2022) (finding Plaintiff did not have standing to pursue her claims asserting that county officials violated state and federal laws by using electronic voting systems because she had not properly alleged an injury in fact).[4]

## RECOMMENDATION

Accordingly, the Court **RECOMMENDS** that the district judge **GRANT** Defendants' Joint Motion to Dismiss Pursuant to Federal Rule of Civil Procedure ("Rule") 12(b) [doc. 239] and dismiss the case because Plaintiffs do not have standing to sue, and, thus, the Court lacks subject matter jurisdiction over the case.

---

[3] For example, compare the following pages in the Second Amended Complaint [doc. 231] in this case to the following pages in the state-court petition [doc. 1-3, 1-4, or 1-5] in *Raskin*, 3:22-cv-2012-E-BH: (1) pgs. 7-8 to pgs. 3, 7 in doc. 1-3; (2) pgs. 10-11 to pgs. 4-5 in doc. 1-3; (3) pgs. 13 to 31 to pgs. 44-63 in doc. 1-5; (4) pg. 20 to pg. 52 in doc. 1-3; (5) pgs. 31-42 to pgs. 10-26 in doc. 1-3; (6) pgs. 63-80 to pgs. 65-81 in doc. 1-5; (7) pg. 80 to pgs. 27-28 in doc. 1-3; (8) pgs. 83-84 to pgs. 28-29 in doc. 1-3; (9) pgs. 85 to 87 to pgs. 29-30, 106-07, 109-26 in doc. l-3; (10) pgs. 88 to 91 to pgs. 248-62 in doc. 1-3 and pgs. 1-29 in doc. 104; (11) pgs. 91-95 to pgs. 31 in doc. 1-3 and pgs. 57-79 in doc. 1-4; (12) pgs. 144-50 to pgs. 32-34 in doc. 1-3; (13) pgs. 150-53 to pgs. 41-46 in doc. 1-3; (14) pgs. 153-54 to pgs. 46-47in doc. 1-3; (15) pgs. 154-54 to pgs. 47-48 in doc. 1-3; (16) pgs. 155-56 to pgs. 48-49 in doc. 1-3; (17) pgs. 156-59 to pgs. 49-53 in doc. 1-3.

[4] Because the Court finds that it lacks subject matter jurisdiction over the case, it will not consider the other issues raised by Defendants in their motion to dismiss.

### NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions and recommendation within fourteen (14) days after the party has been served with a copy of this document. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file, by the date stated above, a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending time to file objections to 14 days).

### ORDER

Under 28 U.S.C. § 636, it is hereby **ORDERED** that each party is granted until **June 26, 2023** to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation. It is further **ORDERED** that if objections are filed and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

SIGNED June 12, 2023.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE