UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

KYLE STRONGIN, ET AL.,

    Plaintiffs,

v.                                       **No. 4:22-cv-0576-P**

JOHN B. SCOTT, ET AL.,

    Defendants.

## ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS OF THE UNITED STATES MAGISTRATE JUDGE

United States Magistrate Judge Jeffrey L. Cureton issued Findings, Conclusions, and a Recommendation ("FCR") regarding Defendants' Joint Motion to Dismiss. ECF No. 269. The FCR recommends that the Court dismiss this case with prejudice. *Id.* at 7. Plaintiffs then filed a timely Objection to the FCR. ECF No. 270.

For the reasons stated below, the Court **OVERRULES IN PART** Plaintiffs' Objections (ECF No. 270), **AFFIRMS IN PART**, and **ADOPTS IN PART** the reasoning in the Magistrate Judge's FCR (ECF No. 269), and **GRANTS** the Motion to Dismiss. ECF No. 239.

## BACKGROUND

In July 2022, pro-se Plaintiffs, a collection of concerned citizens, filed a complaint against almost every election official in the state of Texas. ECF No. 1. Plaintiffs allege that the continued and ubiquitous use of electronic voting systems represents a systemic, ongoing, and imminent harm that will continue to destabilize the foundation of free government. Plaintiffs seek to enjoin the State of Texas from the continued use of these systems.

Defendants collectively move to dismiss under Federal Rule of Civil

Procedure 12(b). They argue that the case should be dismissed for several reasons. *First*, because Plaintiffs lack standing on multiple bases; *second*, because Defendants' decision to use electronic voting systems is a non-justiciable political question; *third*, because Plaintiffs' due process and equal protection claims fail; *fourth*, because none of Plaintiffs' federal statutory claims possess a private right of action; *fifth*, because Plaintiffs' state criminal law claims fail since the criminal statutes do not provide a private cause of action; *sixth*, because the Texas Constitution's due-course-of-law and open-courts provisions do not provide relief for Plaintiffs; and *seventh*, that Plaintiffs' claim for declaratory relief fails to establish the existence of an underlying judicially remediable right.

The Magistrate Judge recommends dismissal, and Plaintiffs timely objected. The Court thus conducts a review of the FCR.

## LEGAL STANDARD

A magistrate judge's FCR is reviewed *de novo* if a party timely objects. FED. R. CIV. P. 72(b)(3). And the district court may accept, reject, or modify the recommendations or findings in whole or in part. *Id.* But a party objecting to the FCR must "file specific written objections to the proposed findings and recommendations." FED. R. CIV. P. 72(b)(2). This means an objection must be "sufficiently specific to put the district court on notice of the urged error." *Williams v. K&B Equip. Co.*, 724 F.2d 508, 511 (5th Cir. 1984). But where an objection to the FCR is only general, the Court reviews the objected conclusion for plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996).

To be specific, an objection must identify the specific finding or recommendation to which the objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. *United States v. Mathis*, 458 F. Supp. 3d 559, 564 (E.D. Tex. 2020). If the objecting party fails to assert specific objections, the district court need not consider frivolous, conclusory, or general objections. *Battle v. U.S. Parole Comm'n*, 834 F.3d 419, 421 (5th Cir. 1987).

## ANALYSIS

The United States Magistrate Judge recommends dismissal because "Plaintiffs do not have standing to sue, and, thus, the Court lacks subject matter jurisdiction over the case." *See* ECF No. 269 at 7. Thus, Defendants' remaining arguments were not considered. *Id.*

Plaintiffs made four objections. *First*, Plaintiffs objected to the Magistrate Judge's assessment of the facts. ECF No. 270 at 3. *Second*, Plaintiffs disagreed with the resulting conclusion on standing. *Id.* *Third*, Plaintiffs objected to the "Magistrate's finding no private right of action." *Id.* And *fourth*, Plaintiffs objected to the Magistrate Judge's "recommendation to dismiss." *Id.* Because this case's primary and dispositive issue is standing, the Court will first address Plaintiffs' first and third objections. The Court then addresses Plaintiffs' remaining objections in turn.

### A. Article III Standing

The core of federal jurisdiction is Article III's case-or-controversy requirement, which requires a plaintiff to have standing to sue. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 (2016). To establish standing, a plaintiff must show that: (1) he suffered an injury in fact that is concrete, particularized, and actual or imminent; (2) the injury was likely caused by the defendant; and (3) the injury would likely be redressed by judicial relief. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992). An injury is particularized when it "affect[s] the plaintiff in a personal and individual way." *Spokeo*, 578 U.S. at 339. And it is concrete when it is "real" and not abstract. *Id.* at 340. A plaintiff bears the burden of establishing standing by alleging facts that prove each of its elements. *Id.* at 338–39.

"Congress's creation of a . . . cause of action does not relieve courts of their responsibility to independently decide whether a plaintiff has suffered a concrete harm under Article III." *TransUnion, LLC v. Ramirez*, 141 S. Ct. 2190, 2205 (2021). A plaintiff does not automatically satisfy the injury-in-fact requirement just because a statute provides a private right of action. *Spokeo*, 578 U. S. at 341. "Article III standing requires a concrete injury even in the context of a statutory

3

violation." *Id.*

Courts have routinely dismissed grievances of concerned citizens that are undifferentiated and common to all members of the public. *See, e.g., Lance v. Coffman*, 549 U.S. 437, 440–41 (2007); *Perkins v. Lukens Steel Co.*, 310 U.S. 113, 125 (1940) (holding that plaintiffs lacked standing because they failed to show injury to "a particular right of their own, as distinguished from the public's interest in the administration of the law"); *Ex parte Levitt*, 302 U.S. 633 (1937); *Fairchild v. Hughes*, 258 U.S. 126, 126 (1922) ("The motion papers disclose no interest upon the part of the petitioner other than that of a citizen and a member of the bar of this Court.")

The Magistrate Judge concluded that Plaintiffs' alleged injuries are not sufficiently concrete to establish standing. The Magistrate Judge concluded that Plaintiffs' alleged injury is "generally of speculative voting system vulnerabilities on a national scale" and determined that Plaintiffs "do not allege sufficient, non-conclusory allegations to establish that Defendants' voting machines have or will be infiltrated." ECF No. 269 at 6. And even if they were concrete, the Magistrate Judge concluded that the injuries are too general to establish particularity. *Id.* "Plaintiffs' generalized grievances—if they were legitimate—would be shared by the public at large." *Id.* Thus, the Magistrate Judge concluded that Plaintiffs cannot maintain this suit without a concrete injury to a particular right of their own.

## 1. Objection to the "assessment of the facts."

Plaintiffs generally objected to "several of the Magistrates' findings, conclusions, and recommendations misrepresenting of the facts outlined in the above 'Facts of the Case.'" ECF No. 270 at 1. Specifically, Plaintiffs contend that the Magistrate has not addressed the "true facts of the case." *Id.* Since this objection lacks a connection to any particular finding or conclusion of the Magistrate, the Court reviews this portion of the Magistrate Judge's FCR for plain error. *Douglass*, 79 F.3d at 1429.[1]

The FCR's assessment of facts does not deviate from those

---

[1] "The rule created in *Douglass* does not ordinarily apply to pro-se litigants, except where the magistrate judge's recommendation explicitly states that a failure to

established in the record. Nor does the Court see anything in Plaintiffs' objection to assert how these particular facts change the FCR's characterization or disposition of the case. The general objection that the facts stated by the Magistrate were not recited word-for-word from Plaintiffs voluminous complaint is does not overcome a plain-error review. Plaintiffs first objection is **OVERRULED**.

### 2. Objection to the conclusion that Plaintiffs lack standing.

Plaintiffs also object to the Magistrate Judge's conclusion that the "Court lacks subject matter jurisdiction of Plaintiffs' claim due to lack of standing related to 'speculative generalized grievances.'" ECF No. 270 at 1. Plaintiffs offer five recitations from the record to refute that their grievances are speculative or general:

- "(1) Plaintiffs were and will continue to be injured due to the actions of Defendants conducting elections using Electronic Voting Systems (EVS) in the state of Texas that lacked, and continue to lack, lawful certification from an accredited laboratory in violation of state law. (Tex. Elec §§ 81.60, 81.61 (ECF No. 231 at 13–30)) This caused illegal ballots to be cast and counted through which Plaintiffs' votes were negated and personally identifiable information (PII) compromised. Plaintiffs claim violations of state law and U.S. Constitution." ECF No. 231 at 144–148.

- "(2) EVS(s) utilized in the state of Texas have multiple certification violations that make the EVS(s) ineligible for use in any form of the voting process by Defendants coercing Plaintiffs to cast and have their illegal ballots counted." ECF No. 231 at 31–63.

- "(3) Defendants in the case are authorized to administer and supervise elections at the state and county level in the state of Texas, including verification of EVS certification and protection of PII." ECF No. 231 at 13–30, 144–150; ECF No. 196-2.

- "(4) Defendants are sued in BOTH their official and individual capacities (ECF No. 231 at ii–iii), as they are county and state

---

specifically object will forfeit *de novo* review." *Strongin v. Scott*, No. 4:22-CV-0576-P, 2023 WL 3775065, at *1 (N.D. Tex. June 2, 2023) (Pittman, J.). That is the case here.

officials that have the sole authority of state and federal elections however Defendants have been "elected" on uncertified EVS (ECF No. 231 at 13–63). Plaintiffs question if County Defendants are indeed acting under the color of law as duly elected officials or in their individual capacity due to lack of proper legal ballots cast and counted." *Id.*

- "(5) Plaintiffs have information and claim that their combined private and personal information, collected and stored electronically at local and state levels via Texas' voter rolls, has been shared and released to DHS, CIS Security, several federal agency partners, and DHS third-party privately owned partners in violation of Plaintiff Constitutional rights." ECF No. 231 at 8–9; ECF No. 196-2.

Upon closely reviewing each portion of the record, the Court concludes that they do not pass muster to establish standing.

As to Plaintiffs first alleged injury, the Court is left with an unsubstantiated allegation that Plaintiffs' personally identifiable information was given to a federal agency, along with that of every other voter in Texas, and that there is a possible risk of future harassment. ECF No. 270 at 1. While Plaintiffs allege that their personal information was disseminated to the Department of Homeland Security, ECF No. 231 at 8, they do not justify why this alone is an injury. Since this allegation stems from the alleged transfer of voter rolls, it also implicates every single registered voter in Texas. This is a generalized injury insufficient to establish standing. *Fairchild* 258 U.S. at 126 (1922).

As for future harassment, the threat of future harm must be "certainly impending;" mere "[a]llegations of possible future injury" do not suffice. *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013). Plaintiffs provide no basis to show their "future harassment" is "certainly impending." Thus, standing based on a future injury is also foreclosed.

Moreover, Plaintiffs' grievances with the continued use of these systems and the program's administration are either too speculative or entirely generalized. In their 163-page Amended Complaint, Plaintiffs'

allegations in support of their theories of injury are exclusively hypothetical and show no concrete connection to them or the vote they allege is in grave peril. Once again, the Court agrees with the Magistrate Judge's assessment that "Plaintiffs generalized grievances—were they legitimate—would be shared by the public at large." ECF No. 269 at 6. Here Plaintiffs raise a generally available grievance about the governments voting systems that everybody in Texas is subject to. Without further individual injury, this does not state an Article III case or controversy. *Lujan*, 504 U.S. at 573–74.

Thus, Plaintiffs' second objection is **OVERRULED**.

### B. Objections based on "unlawful election."

Plaintiffs further objected to the Magistrate Judge's conclusion on standing, arguing that the FCR ignores that the group of plaintiffs includes candidates who were "unlawfully elected."[2] This allegation appears nowhere in the Plaintiffs' Amended Complaint. *See* ECF No. 231. Further, Plaintiffs generally object that the Magistrate Judge confused the standing inquiry for the merits but do not identify any specific finding or conclusion beyond the general conclusion that they lack standing.

This Court finds no plain error in the Magistrate Judge's conclusion, and Plaintiffs' third objection is **OVERRULED**.

### C. Objections based on the lack of a private right of action.

Plaintiffs object to the Magistrate's "finding of no private right of action" and cite to "magistrate's fifth point on page 5." ECF No. 270 at 13. But the Court assumes that Plaintiffs refer to page 2 of the FCR

---

[2] The Fifth Circuit has concluded that standing for political candidates remains unsettled and, even where it has been assumed for the sake of argument, they would only have standing to challenge the election in which they participated, and as plaintiff's themselves assert, the issue by then is "incurabl[e]." ECF No. 270 at 12. Plaintiffs rely on *Andrade v. NAACP of Austin*, 345 S.W.3d 1 (Tex. 2011) to support their argument that candidates have "competitive standing," ECF 270 at 11, but this is insufficient to overcome Fifth Circuit precedent holding that "standing in federal court is determined *entirely* by Article III and depends in no degree on whether standing exists under state law." *Abraugh v. Altimus*, 26 F.4th 298, 303 (5th Cir. 2022) (emphasis in original).

because that is the only place where the Magistrate Judge enumerates a fifth point. ECF No. 269 at 2 ("(5) all of Plaintiffs' federal statutory-based claims fail because, *inter alia*, there is no private cause or right of action and no cognizable claim is pled") (reciting the grounds asserted by Defendants in their motion to dismiss). The Magistrate Judge is merely reciting the procedural history of the action and the grounds on which Defendants are seeking dismissal, not endorsing Defendants' contention that Plaintiffs lack a private right of action.

Therefore, Plaintiffs' fourth objection on this ground is **OVERRULED.**

### D. Objections to the recommendation to dismiss with prejudice.

Plaintiffs' final objection is to the Magistrate Judge's recommendation to dismiss the complaint with prejudice. *See* ECF No. 270 at 16–17. Here, the pro-se Plaintiffs are correct.

While the Magistrate Judge analyzed the dismissal under a normal standard, the FCR erred because this is a dismissal under Rule 12(b)(1) where the Court does not have subject-matter jurisdiction. Because "A dismissal with prejudice is a final judgment on the merits . . . . to dismiss with prejudice under Rule 12(b)(1) is to disclaim jurisdiction and then exercise it." *Cox, Cox, Filo, Camel & Wilson, LLC v. Sasol N. Am., Inc.*, 544 F. App'x 455, 456–57 (5th Cir. 2013). As a result, Fifth Circuit precedent "does not sanction [this] practice." *Id.* A dismissal with prejudice here would claim that there is no case or controversy and then turn around to resolve the controversy completely.

As such, Pro-se Plaintiffs' objection to dismissal with prejudice is thus **SUSTAINED**, and their case will thus be dismissed without prejudice instead.

### CONCLUSION

Here, Plaintiffs' bare allegations that the law has not been followed is "precisely the kind of undifferentiated, generalized grievance about the conduct of government that [courts] have refused to countenance in the past." *Lance*, 549 U.S. at 442. The Court concludes—in line with the

Magistrate Judge's findings—that Plaintiffs have failed to establish standing.

Having considered the Magistrate Judge's FCR, Plaintiffs' Objections, and the applicable law, the Court **OVERRULES IN PART** Plaintiffs' Objections, **ADOPTS IN PART** the reasoning in the Magistrate Judge's FCR, and **GRANTS** the Motion to Dismiss. ECF No. 239. As such, Plaintiffs' claims are **DISMISSED without prejudice.**

**SO ORDERED** on this **14th day** of **August 2023.**

_Mark T. Pittman_

**MARK T. PITTMAN**
UNITED STATES DISTRICT JUDGE

9